UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

I.S.G.,

Petitioner,

v.

Quinones et al.,

Respondents.

CASE NO. 2:26-cv-04331-BAT

**ORDER GRANTING HABEAS REQUEST FOR INJUNCTIVE RELIEF AND PERMISSION TO USE INITIALS, DKT. 1.**

Petitioner filed a writ of habeas corpus requesting the Court order his release from immigration custody and grant injunctive relief regarding redetention. After the petition was filed, Respondents released Petitioner, leaving the request for injunctive relief pending. The Court **GRANTS** the request for injunctive relief regarding redetention and also **GRANTS** Petitioner to proceed under his initials. Dkt. 1.

Petitioner avers he is a citizen of Ukraine and entered the country as a child refugee in 2005. He lives in Vancouver, Washington with his U.S. citizen wife and three U.S. citizen children. Petitioner was ordered removed in October 2019 but instead of being removed, Respondents released him from immigration detention in February 2020 on an Order of Supervision (OSUP). Although Petitioner abided by all conditions of release for the last six years, Respondents arrested and detained him without notice, providing any reasons for his arrest

or a providing a hearing.

Petitioner contends the Court should order his release because his arrest and detention violate the regulations governing revocation of his OSUP, 8 C.F.R. §§ 241.4(l) and 241.13(i)), and the Due Process Clause of the Fifth Amendment, and further there is no likelihood he will be removed in the foreseeable future. Respondents contend Petitioner's request for immediate release is moot because, Respondents released Petitioner on November 17, 2026 on an OSUP.

While Petitioner's release on an OSUP has mooted his request for release from custody, it has not mooted his request the Court enjoin Respondents from redetaining him without full compliance with 8 C.F.R. §§ 241.4(l) and 241.13(i), and without written notice and a hearing before a neutral decisionmaker as required by due process. Respondents agree, that any future redetention must comply with either 8 C.F.R. § 241.4 or 8 C.F.R § 241.13(i).

However, Respondents oppose the request that the due process clause requires them to provide predetention notice and a hearing before a neutral decision maker at which time the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. Respondents acknowledge numerous decisions in this district have found otherwise.

The Court may grant an injunction if (1) a person has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties an equitable remedy is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange*, *L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds Petitioner has suffered irreparable injury by being detained in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably

constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL, 2026 WL 607672, at *6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). Monetary damages would be inadequate to compensate for threatened future loss of liberty, and inadequate for the loss of liberty already suffered. The Court finds the final two factors (which merge as the government is a party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake.

The Court concludes the *eBay* factors are satisfied, and a permanent injunction is warranted. This injunction does not apply to circumstances in which there is a factual basis that makes detention statutorily mandatory. For instance, 8 U.S.C. § 1226(c) requires the Attorney General to take into custody non-citizens who have committed specified criminal offenses.

The Court accordingly **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents aver Petitioner has already been released from immigration detention, mooting his habeas request for release.

3. Respondents are **PROHIBITED** from redetaining Petitioner without adequate written notice of intent to redetain him, the grounds for redetention, as well as a predeprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

4. Respondents shall comply with either 8 C.F.R. § 241.4 or 8 C.F.R § 241.13(i) in revoking Petitioner's OSUP.

5. Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 20th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge